weight in making the ultimate determination whether an injured worker has employment available to her. Roos Food's argument that there are many employers now facing claims from undocumented workers they employed underscores the reality that employers can present market evidence regarding employment of undocumented workers in specific categories within the specific geographic areas. Nothing in *Campos*,[34] *Ramirez*,[35] or the decision of the Superior Court in this case suggests that employers must present affidavits from employers confessing to their willingness to knowingly violate the law by employing undocumented workers. And although the Board's decision has some language that can be read as hinting toward a requirement that an employer demonstrate that specific employers exist who hire undocumented workers and have jobs within the claimant's ability that are open,[36] we clarify that no such requirement exists. Rather, what is required is that an employer who has a burden of showing that jobs are actually available for an undocumented worker address that reality by presenting reliable market evidence that employment within the worker's capabilities is available to undocumented workers. That burden is not an unreasonable one for employers to bear, particularly when they hired an undocumented worker in the first place.

## CONCLUSION

A claimant's status as an undocumented worker is not relevant to a determination of whether the claimant is a *prima facie* displaced worker. Where a claimant who is an undocumented worker seeks to show that she is an actually displaced worker, her status as an undocumented worker is a factor to be considered by the Board in deciding whether she has made reasonable efforts to secure suitable employment which have been unsuccessful. If a claimant is successful in establishing that she is a displaced worker, the employer's burden of showing availability to the claimant of regular employment within her capabilities must take into account her status as an undocumented worker. Since we have concluded that the Board's finding that the claimant is a *prima facie* displaced worker on the basis of her undocumented status alone is legal error, the judgment of the Superior Court is reversed and the matter is remanded to the Superior Court with instructions that it remand the matter to the Board for a rehearing.

**Michael NEWMAN,[1] Petitioner Below–Appellant,**

v.

**Sarah NEWMAN, Respondent Below–Appellee.**

---

sufficient facts or data, (2) the testimony is the product of *reliable* principles and methods, and (3) the witness has applied the principles and methods *reliably* to the facts of the case.") (emphasis added).

34. *Campos*, 107 A.3d at 570.

35. *Delaware Valley Field Servs. v. Ramirez*, 105 A.3d 396 (Del. Super. 2012), *aff'd sub nom. Delaware Valley Field Servs. v. Melgar-Ramirez*, 61 A.3d 617 (Del. 2013).

36. *See Guardado*, I.A.B. Hearing No. 1405006, at 11 ("Because Ms. Lock was unaware of Claimant's undocumented legal status when she prepared the survey, the jobs on the Labor Market Survey cannot be considered reliable evidence of jobs that are actually 'within reach' to Claimant . . . .").

1. The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

No. 119, 2016

Supreme Court of Delaware.

Submitted: October 7, 2016

Decided: November 29, 2016

Court Below—Family Court of the State of Delaware, File No. CN10–01567, Petition No. 14–23105

AFFIRMED.

Carl R. RHOADES, Defendant–Below, Appellant,

v.

STATE of Delaware, Plaintiff–Below, Appellee.

No. 201, 2016

Supreme Court of Delaware.

Submitted: November 16, 2016

Decided: November 30, 2016

Court Below: Superior Court of the State of Delaware, Cr. ID. No. 1408009170

AFFIRMED in part. REVERSED in part. REMANDED.

Ruben CARLO, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 209, 2016

Supreme Court of Delaware.

Submitted: November 2, 2016

Decided: November 30, 2016

Court Below: Superior Court of the State of Delaware, ID No. 1504003365

AFFIRMED.

William Roger TRICE, Jr., Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 363, 2016

Supreme Court of Delaware.

Submitted: October 19, 2016

Decided: December 2, 2016

Court Below—Superior Court of the State of Delaware, Cr. ID No. 1011016705

AFFIRMED.